USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 9/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LI GUANG HUANG, and YUAN CHEN, a/k/a/ CHIN QUIN UIN, Petitioners, | : | |
| -v- | : | 1:26-cv-8328-GHW |
| CHRIS GANTT, *as Warden Cimarron Correctional Facility, Cushing, Oklahoma, et al.,* Respondents. | : | ORDER |

GREGORY H. WOODS, United States District Judge:

Petitioners Li Guang Huang and Yuan Chen ("Petitioners") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 24, 2026. They are citizens of China who "made their home" in Queens, New York.[1] Dkt. No. 1 ("Pet") ¶ 21, 22, 27. In the petition, their counsel asserts that Petitioners were arrested on September 22, 2026 in Oklahoma. *Id.* ¶ 32. On September 23, 2026, Petitioners telephoned a relative and reported that they had been transferred to Oklahoma City—also in Oklahoma. *Id.* Petitioners' counsel asserts that ICE has not disclosed where Petitioners are being held. *Id.* ¶ 34.

This action was commenced in the Southern District of New York—notwithstanding the lack of any apparent connection to this district—in reliance on the "unknown custodian" exception to the default rule that a core petition for habeas corpus relief must be filed in the district where a petitioner detained. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The "plain language" of 28 U.S.C. § 2241, the habeas statute under which petitioner is suing, "confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district:

[1] Queens County is located in the Eastern District of New York, not the Southern District of New York. *See* 28 U.S.C. § 112(c) ("The Eastern District comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk . . . .").

the district of confinement." *Id.* at 443.

"However, in cases where the petitioner 'is held in an undisclosed location by an unknown custodian, it is impossible to apply' this rule.' In 'these very limited and special circumstances,' the naming of a more remote custodian . . . satisfies the statutory requirements." *Ozturk v. Hyde*, 136 F.4th 382, 392 (2d Cir. 2025) (quoting *Padilla*, 542 U.S. at 450 n. 18).

Unlike in *Ozturk*, here, Petitioners have chosen to file their petition not in the district where they were last known to have been detained, but in a district that has no apparent connection to the action. The Court is skeptical that it has jurisdiction over this petition, for it has not been presented with a reason to conclude that the petitioners would have been transported from Oklahoma to this district, which, the Court understands, has relatively limited immigration detention facilities.

Therefore, the Court orders that the United States inform the Court and Petitioners' counsel where Petitioners were detained at the time of filing of this action so that the Court can determine if it has jurisdiction over this matter, and, if not, transfer it to the proper court. The Government is directed to provide that information no later than 4:30 p.m. today, September 24, 2026.

The Court notes that Petitioners' application refers to an order of the Second Circuit Court of Appeals that they believe may potentially be violated. *See, e.g.*, Pet. ¶ 53. The Court observes that the general rule in this Circuit and elsewhere is that a "violation of an injunctive order is cognizable in the court which issued the injunction, regardless of where the violation occurred." *Stiller v. Hardman*, 324 F.2d 626, 628 (2d Cir. 1963). As a result, the Court does not understand that an application regarding a potential violation of an order issued by the Second Circuit would be appropriately directed to this Court.

SO ORDERED.

Dated: September 24, 2026.
New York, New York

GREGORY H. WOODS
United States District Judge